**James Aaron BLANKENSHIP, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41530.**

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

**946**

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, David Johnson, Kerry P. FitzGerald, Malcolm Dade, and Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary; the punishment enhanced under Art. 63, P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

Appellant made no defense to the charge of burglary alleged in the indictment but raised only the issue of his present insanity.

The issue was first determined at a preliminary hearing in advance of trial on the merits, which resulted in a jury verdict finding appellant sane.

The issue was again raised and submitted to the jury upon the main trial, resulting in a verdict by the jury finding appellant sane at the time and guilty of burglary, as charged in the indictment.

In the several proceedings, including this appeal, appellant has been represented by three different court-appointed counsel.

At the trial on the merits, witnesses were called by both appellant and the state who gave testimony on the issue of his present insanity and ability to know the nature of the charge against him and present a rational defense.

■ As grounds of error, appellant insists that the court erred in permitting certain cross-examination of Dennis White, one of appellant's court-appointed attorneys in the case who had been relieved of his duties by the court, relative to the witness's testimony on the issue of insanity.

We have carefully examined the questions propounded to the witness and find that they come within the scope of proper cross-examination by the state in testing the witness's opinion given on the issue of insanity.

■ Complaint is also made to the court's action in denying appellant's motion to suppress the testimony of Dr. J. M. Pickard and Dr. James Grigson, on the ground that both witnesses were on the state's payroll and were biased witnesses.

We find no merit in this contention.

The record reflects that Dr. Pickard, the county health officer of Dallas County, made a mental examination of the appellant and that Dr. Grigson, who was a professor of the Southwestern Medical School, Department of Psychiatry, was appointed by Judge Henry King to make an independent evaluation of appellant's mental status. There is nothing in the record to sustain appellant's contention of bias on the part of the witnesses.

■ In three grounds of error, appellant insists that the court erred in permitting the testimony of Drs. Pickard and Grigson concerning their examination of

appellant prior to the appointment of his trial counsel in the case.

The record reflects that the objection made to the doctors' testimony was on the ground that the examinations were made after the appointment of trial counsel, at which time he was not present. No authority is cited by appellant in support of his contention. We know of none. Certainly a mental examination is not a confession, and therefore would not be subject to the requirements and rules laid down by the Supreme Court of the United States in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The grounds of error are overruled.

■ In three grounds of error, appellant complains of certain closing jury argument of state's counsel.

Complaint is first made to counsel's reference to appellant's defense of insanity as "a trumped up defense."

Upon objection being made, the court stated: "I will sustain it unless you connect it with the evidence, * * *." Counsel for the state then proceeded to make such argument "Based on the evidence * * *." No further action was taken. We perceive no error.

■ Later in his argument on the issue of insanity, counsel—referring to appellant—stated: " * * * just like anybody else, he just didn't want to go to the penitentiary." Appellant's objection to the statement was sustained by the careful trial judge and the jury instructed not to consider. We perceive no error in the court's refusing to grant a mistrial.

■ Appellant's third objection was to state's counsel's reference to Dr. Pickard's examination of him on the ground that such examination was made after the appointment of his trial counsel and without his knowledge.

The court did not err in overruling appellant's objection, as Dr. Pickard's testimony was properly admitted before the jury.

■ Error is urged to the admission in evidence of certain exhibits, offered by the state in proving the two prior alleged convictions, at the hearing before the court on the issue of punishment.

Upon his arraignment on the second and third paragraphs of the indictment charging the two prior convictions, appellant entered pleas that the allegations were "true."

The state then proceeded to offer evidence to prove the two prior convictions.

Appellant objected to the admission in evidence of state's exhibit #2, which consisted of a certified copy of a judgment and sentence in one of the prior alleged convictions, on the ground that the sentence did not declare on its face that an attorney was present. Objection was made, on the same ground, to state's exhibit #5, which was a judgment in one of the prior convictions. Appellant further objected to exhibit #6, which was a sentence in one of the prior convictions, on the ground that it did not give application to the indeterminate sentence law.

The court did not err in admitting the exhibits, as appellant—while testifying as a witness—admitted that he had an attorney present at the two prior convictions. Furthermore, the record does not warrant a conclusion that appellant's counsel was not present at the time of sentencing.

■ The failure to comply with the indeterminate sentence law did not vitiate the sentence in the prior conviction. McGowen v. State, 163 Tex.Cr.R. 587, 290 S.W.2d 521; Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838.

Other grounds of error urged by appellant have been considered and are overruled.

The judgment is affirmed.