**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael A. WILLIAMS, Defendant-
Appellant.**

No. 71–2861
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1972.

William H. Byrnes, III, New Orleans, La., (Court-appointed), for defendant-appellant.

Gerald Gallinghouse, U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

---

*  Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appeal from a conviction on two counts, one of possession of stolen mail consisting of a United States Treasury check in violation of 18 U.S.C. § 1708, and the other of forging the endorsements of the two payees on the back of the same check in violation of 18 U.S.C. § 495.

Prior to trial, counsel for defendant, an indigent, filed a motion alleging that counsel had good reason to believe defendant was not of sound mind and not legally responsible at the time of the commission of the offense, and asking that a psychiatrist be appointed to examine defendant with regard to his mental condition at the time of the alleged offense and at the present time. The court granted the motion. Following such examination, the court heard the testimony of the examining psychiatrist that defendant was competent to stand trial, and set the case for trial. It then appearing that defendant intended a defense of insanity, he was examined by another psychiatrist at the request of the United States Attorney.

At trial the psychiatrist who made the first examination was called by the defendant and testified that defendant had an irresistible impulse to steal mail. In rebuttal the prosecution called the psychiatrist who had made the second examination, who testified to an opinion that while defendant was an antisocial personality he was nevertheless criminally responsible.

The defendant makes no claim that the second examination was unauthorized, or that the psychiatrist repeated to the jury from the witness stand any incriminating statement made by the defendant in the process of examination. Rather defendant's contention is that his privilege against self-incrimination was violated because the psychiatrist examined him without the presence of defense counsel and without giving *Miranda* warnings and employed his answers as a basis for the ultimate expert opinion that he was criminally responsible.

In United States v. Smith, 436 F.2d 787 (5th Cir. 1971), this Circuit rejected a similar contention as to the defendant who has raised the defense of insanity. The rationale for that conclusion is developed at length in United States v. Baird, 414 F.2d 700 (2d Cir. 1969), United States v. Bohle, 445 F.2d 54 (7th Cir. 1971) and United States v. Albright, 388 F.2d 719 (4th Cir. 1968).

The premise of these decisions is that the advantages of unencumbered psychiatric examination outweigh the dangers of self incrimination. No inculpatory statements of the defendant to his examiner are admissible in evidence. We assume that it would be similarly impermissible for the psychiatric examiner to paraphrase the defendant's statements bearing on his guilt, or to express an opinion about the defendant's guilt based on the psychiatric examination. Williams would have us treat his examiner's testimony that Williams was "an anti-social type" as an incriminating statement which had to be excluded from the jury's consideration under *Smith* and *Albright, supra.* We think not. The psychiatrist's testimony was that his "diagnostic impression was Mr. Williams's personality has to be categorized [as] suffering from personal disorder 'anti-social type'." The psychiatrist then added:

"My conclusions were that the defendant is not insane or psychotic, that he is responsible for his actions, and I could detect no signs of irresistible impulse or anything of that nature relating to the circumstances that led to his being before this Court."

Interpreted in context, the reference to Williams as an "anti-social type" was merely an attempt to speak precisely of Williams's psychological condition. Whatever tendency, if any, the appellation had to incriminate Williams was slight and hardly more than the incrimination which always surrounds a psychiatrist's testimony that a defendant was responsible for his acts. Consequently, Williams was not deprived of his privi-

lege against self incrimination when statements made by him to the psychiatrist in the absence of counsel formed part of the basis for a momentary, unfavorable characterization of Williams's personality.

 The payees on the check were husband and wife. At the time of trial the wife was ill and did not appear as a witness. The husband testified that his signature appearing as an endorsement on the check was neither in his handwriting nor authorized to be made for him by anybody else, and that the signature purporting to be that of his wife was not in her handwriting nor, to the best of his knowledge, did his wife authorize anyone else to affix her name. Pretermitting whether the question was even objectionable, no objection or motion to exclude was made, so that the court did not err in declining to grant a judgment of acquittal on the ground that the husband's testimony concerning his wife's giving no authority to anyone else to sign her name denied the defendant his right to confrontation of witnesses.

Affirmed.