**Carlos Don STULTZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46550.**

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

Malcolm Dade (Court-appointed), James H. Miller, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder with malice. The jury assessed punishment at death.

Appellant first contends that the imposition of the death penalty constitutes cruel and unusual punishment. The death penalty was declared unconstitutional by the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346. However, the record reflects that, subsequent to the Supreme Court's opinion, appellant's sentence was commuted to life imprisonment by order of the Governor of Texas, dated January 15, 1973. This question is moot.

Appellant's remaining contention is that the trial court erred in admitting over objection the testimony of a psychologist and two psychiatrists concerning the results of his mental examination. Appellant urges a constitutional right to the presence of his attorney at such examinations. Although neither the record nor appellant's brief clearly discloses the precise constitutional basis for such a claim, we take it that appellant relies upon the Fifth Amendment's privilege against self-incrimination and the Sixth Amendment's guarantee of the right to counsel. On either ground, we find appellant's claim to be without merit.

The State's right to examine a defendant who raises the issue of insanity in defense is not challenged. Article 46.02, Section 2(f)(1), Vernon's Ann.C.C.P., provides, in part, that "the court may, at its discretion appoint disinterested qualified experts to examine the defendant with regard to his present competency to stand trial and as to his sanity . . . ." See Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612. Relying instead upon Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), appellant argues that a psychiatric examination constitutes a "critical stage" of a criminal proceeding at which an accused is entitled to the presence and assistance of counsel.

We are unable to comprehend the function an attorney is to perform if his presence at a psychiatric examination were to be required.

This Court held in Blankenship v. State, 432 S.W.2d 945, 946–947, that "a mental examination is not a confession, and therefore would not be subject to the requirements and rules laid down by the Supreme Court of the United States in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694." However, this appears to be a case of first impression in this jurisdiction on the precise constitutional issue raised here.

The Fifth Circuit Court of Appeals recently considered a similar issue in United States v. Williams, 456 F.2d 217 (1972). There, a court-appointed psychiatrist testified for the defense that Williams had an irresistible impulse to steal mail. In rebuttal, the prosecution called a second psychiatrist who had also examined Williams, and who testified that, while Williams was an anti-social personality, he was nevertheless criminally responsible. On appeal, Williams contended that his privilege against self-incrimination was violated because the psychiatrist examined him with-

out the presence of defense counsel and without giving Miranda warnings and employed his answers as a basis for the ultimate expert opinion that he was criminally responsible.

In a per curiam opinion, the Court rejected Williams' contention and concluded that "the advantages of unencumbered psychiatric examination outweigh the dangers of self incrimination." United States v. Williams, supra, at 218. The Court then held that:

"Williams was not deprived of his privilege against self incrimination when statements made by him to the psychiatrist in the absence of counsel formed part of the basis for a momentary, unfavorable characterization of Williams's personality." Id., at 218–219.

 A psychiatric examination is not an adversary proceeding. Its purpose is not to aid in the establishment of facts showing that an accused committed certain acts constituting a crime; rather, its sole purpose is to enable an expert to form an opinion as to an accused's mental capacity to form a criminal intent.

Because of the intimate, personal and highly subjective nature of a psychiatric examination, the presence of a third party in a legal and non-medical capacity would severely limit the efficacy of the examination. Except in highly unusual circumstances, if the accused's privilege against self-incrimination is given full effect with regard to his inculpatory statements to the examining expert, the need for an attorney is obviated. United States v. Albright, 388 F.2d 719, 726 (4th Cir. 1968). Moreover, the best assurance afforded an accused of an informed and unbiased determination of the issue of his sanity is provided by the testimony of expert witness in court, and not by the mere presence at the examination of his attorney, who is ordinarily unschooled in such a highly technical and complex medical field.

Article 46.02, Section 2(f)(4), V.A.C. C.P., prohibits the use against a defendant of any statement made by him during examination "no matter under what circumstances such examination takes place," and Section 2(f)(5) permits "any party" to introduce other competent testimony regarding the defendant's competency.

 We, therefore, agree with the reasoning of Williams, supra, that "the advantages of unencumbered psychiatric examination outweigh the dangers of self incrimination."

We hold that the trial court did not err in admitting the testimony of the expert medical witnesses on the issue of insanity based on their examinations of the appellant conducted without the presence of his counsel.

Finding no error, we affirm the conviction.

ROBERTS, J., concurs in the result.