BOYD, Justice.
Appellant Dennis Paul Day brings this appeal from his conviction of aggravated sexual assault and the consequent jury-assessed punishment of life imprisonment in the Department of Corrections. He attacks his conviction in three grounds of error. In the first ground, he argues that the trial court abused its discretion in failing to approve a motion for expenses to allow appellant to employ a psychiatrist, psychologist, or other expert witness to aid him in asserting a possible defense of insanity. In his second ground, he says the trial court reversibly erred in permitting Dr. Shaw, a psychiatric witness, to testify during the punishment phase that appellant was suffering from a sociopathic personality disorder which could not be successfully treated. In his third ground, he says the State, during its final argument, reversibly emphasized Dr. Shaw’s inadmissible testimony. We affirm the conviction.
Since appellant does not challenge the sufficiency of the evidence, we will discuss the evidence only as it may become necessary during the discussion of a ground of error. By notice, a copy of which was served upon the State on September 28, 1984, appellant informed the court of his intention to offer evidence of insanity at the trial on the merits of this case. In that instrument he also asked for the appointment of a qualified psychiatrist, at county expense, to make an examination as to appellant's “competency to stand trial and as to the defense of insanity.” Continuing, he specifically asked for the appointment of a Dr. Alex K. Munson. On October 1, 1984, the trial court granted the motion but appointed a Dr. Preston Shaw, admittedly a disinterested psychiatrist, to make the examination. On October 18, 1984, Dr. Shaw returned a report as to the result of his examination. In that report, he determined that appellant was “legally sane” at the time of the offense and that appellant was competent to stand trial.
On October 30, 1984, appellant filed a “Motion for the Provision of Expenses for Investigation and Expert Testimony.” The essence of that motion was that appellant be allowed to hire a “Psychiatrist, Psychologist or other expert witness to examine Defendant and develop testimony to be used in a possible defense of insanity.” A pretrial hearing on this motion was held on *440 November 1, 1984. At that hearing, no testimony was produced. However, a dialogue between the court and counsel for the parties did ensue. In that dialogue, appellant’s counsel stated that from his discussion with his client, he believed that there is a question “from his comments about the case whether he was in possession of his faculties at or near the time of the alleged offense.” Counsel further stated that appellant should be allowed the relief sought so “we can preserve the attorney-client privilege” in regard to any communications made to any psychiatrist employed by appellant. As is apparent from this appeal, the trial court denied the motion. In doing so, the court noted that it had previously appointed a disinterested psychiatrist and that it was not “going to shop for another opinion, without knowing all the facts, all your investigation, things of that matter” and give appellant “a blank check and say, well, go ahead.”
Tex.Code Crim.Proc.Ann. art. 26.05 § 1(d) (Vernon Pamp.Supp.1986) provides that a court may allow fees for purposes of investigation and expert testimony in an amount of not more than $500.00. As appellant recognizes, this provision has been narrowly construed in Texas. The allowance of such expenses is a matter within the sound discretion of the trial court and, an abuse of that discretion will not be found absent a showing of harm. Quin v. State, 608 S.W.2d 937, 938 (Tex.Crim.App.1980); Myre v. State, 545 S.W.2d 820, 826 (Tex.Crim.App.1977). Moreover, since this article speaks in terms of expenses incurred, the refusal to pay such expenses before they are incurred has been held not to be an abuse of discretion. Wallace v. State, 618 S.W.2d 67, 70 (Tex.Crim.App.1981); Eggleston v. State, 422 S.W.2d 460, 464 (Tex.Crim.App.1967).
In arguing that the trial court reversibly erred in not granting his motion, appellant places primary reliance upon the recent United States Supreme Court decision in Ake v. Oklahoma, 470 U.S. -, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). That reliance is misplaced. In that decision, the Court held that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist. As is that Court’s wont to do, its holding was stated in broad terminology with the comment that it was left to the states to decide how to implement the holding. Id. 470 U.S. at -, 105 S.Ct. at 1097, 84 L.Ed.2d at 66.
Even under the meager guidance given by the Ake Court, we believe it clear that, in order to invoke the right to appointed psychiatric help at the threshold, a defendant must make a preliminary showing that the question as to his sanity is one with merit undergirded with evidentiary support. In Ake, the record showed that Ake had exhibited such bizarre behavior upon arraignment that the trial judge, sua sponte, had ordered his examination by a psychiatrist. That psychiatrist found Ake to be incompetent to stand trial and he was committed for mental treatment. After six weeks treatment, Ake was released and found to be competent on the condition that he continue to be sedated with an antipsy-chotic drug. It was with that evidentiary background that Ake’s attorney moved he be furnished with psychiatric assistance. It readily appears in that case that the record was replete with solid evidentiary support that the question as to Ake’s sanity was a serious and well-founded one.
In contrast, in this record there is no factual support shown for a conclusion that appellant’s sanity at the time of the alleged offense was seriously in question. As we noted above, the careful trial judge had appointed a disinterested psychiatrist who, after examination, concluded that appellant was competent to be tried and was legally sane at the date of the offense. At the hearing on his motion, appellant did not, either by himself or other witnesses, produce any testimony of prior mental problems, prior bizarre behavior, or anything of a like nature. In contrast to the express finding of the psychiatrist as to appellant’s sanity, this record shows only the statement of appellant’s counsel that there is a “possibility,” albeit perhaps a “strong possibility,” that appellant was not *441 sane at the time of the offense. This unsupported conclusion is not a sufficient preliminary showing to invoke the Ake doctrine. The appointment of a disinterested psychiatrist by the trial court in this case was sufficient to meet that court’s responsibility. Debolt v. State, 604 S.W.2d 164, 165-66 (Tex.Crim.App.1980). Accordingly, there is nothing in this record which would show an abuse of discretion on the part of the trial court. Appellant’s first ground of error is overruled.
In his second ground, appellant reasons that the trial court reversibly erred in admitting the testimony of Dr. Shaw at the punishment hearing that appellant was suffering from a sociopathic personality disorder, which could not be successfully treated. Under this ground, appellant mounts a two-pronged attack. Initially, he says, evidence to be offered at a noncapital hearing on punishment is limited to evidence concerning a defendant’s prior criminal record, his general reputation, and his character, and appellant cites Tex.Code Crim.Proc.Ann. art. 37.07 § 3(a) (Vernon 1981) as authority for this. Appellant recognizes that the courts have interpreted this provision to allow testimony that is relevant to an application for probation. See Allaben v. State, 418 S.W.2d 517, 519 (Tex.Crim.App.1967). The second prong of the attack is that Dr. Shaw’s testimony may be regarded as an abridgement of appellant’s Fifth Amendment right against compelled self-incrimination.
The testimony of Dr. Shaw giving rise to this ground of error is his statement that, as a result of his examination, it was his diagnostic impression that appellant was not suffering from a mental illness but that appellant’s comments during the diagnostic interview were “suggestive of [a] sociopathic personality disorder,” and the doctor’s answer under cross-examination that a sociopathic personality disorder could not likely be successfully treated. Appellant’s objection to Doctor Shaw’s testimony was that it was not relevant “to this jury’s job as far as assessing punishment.”
Examination of the testimony reveals that appellant, in support of his plea for probation, offered testimony that he was capable of being rehabilitated. In Armstrong v. State, 502 S.W.2d 731, 735 (Tex.Crim.App.1973), the Court concluded that in an instance such as this, where the defendant at the punishment phase of a criminal trial testified that he was capable of rehabilitation, the State was entitled to introduce testimony that the defendant suffered from a severe sociopathic disorder and was incapable of rehabilitation. Appellant would distinguish this holding, since Armstrong involved a capital offense where the question of future dangerousness is statutorily in question. However, the rationale of the Court in admitting the testimony was that of allowing the State to rebut evidence offered by a defendant, in order to aid the jury in assessing the weight to be given the defendant’s testimony, a rationale applicable to the instant case. Our conclusion that this was the basis for the holding is strengthened by the fact that the Armstrong Court, as authority for its ruling cited two cases, each of which concerned noncapital felony offenses. In each of the two cases, Armstrong v. State, 476 S.W.2d 703, 704 (Tex.Crim.App.1972), and Frison v. State, 473 S.W.2d 479, 482 (Tex.Crim.App.1971), the Court discusses and affirms the general proposition that where an area in evidence is opened by a defendant, the State is permitted to introduce rebuttal evidence in that same area.
With regard to the second prong of appellant’s argument, i.e., that the doctor’s testimony might be regarded as an abridgement of appellant’s Fifth Amendment rights, no such objection on that basis was made in the trial court. The failure to object at trial waived any complaint on that basis. Parker v. State, 649 S.W.2d 46, 54-55 (Tex.Crim.App.), cert. denied, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). Appellant’s second ground is overruled.
Our holding that the testimony of Dr. Shaw was properly admitted pretermits the necessity for discussion of appellant’s third ground. Suffice it to say that it is overruled.
*442 In summary, all of appellant’s grounds of error are overruled and his conviction affirmed.