ON MOTION FOR REHEARING
In his motion for rehearing, appellant contends that this Court was in error in its original opinion in holding that appellant’s failure to object at trial to Dr. Shaw’s testimony on Fifth Amendment grounds bars this Court from deciding that issue.
Appellant attempts to distinguish this case from a similar holding, and one upon which we relied in our opinion, in Parker v. State, 649 S.W.2d 46, 54-55 (Tex.Crim.App.), cert. denied, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983). He does so by telling us that the element of surprise was not a factor in that case, and therefore the Court of Criminal Appeals did not feel compelled to follow the Fifth Circuit’s holding in Smith v. Estelle, 602 F.2d 694, 709 (5th Cir.1979), as subsequently affirmed in Estelle v. Smith, 451 U.S. 454, 469, 101 S.Ct. 1866, 1876, 68 L.Ed.2d 359 (1981). In that case, the Court held that at a sentencing hearing for a capital offense, the State may not use evidence based on a psychiatric examination of a defendant unless the defendant was warned before examination that he had a right to remain silent. Appellant claims that surprise was a factor in the case at bar thereby resulting in appellant’s failure to object and that we are thus constrained to follow the Supreme Court’s holding.
Initially, we note that Estelle v. Smith was a case dealing with a sentence of capital punishment and that the Court did not reverse the conviction but merely held that the death penalty could not be applied. 451 U.S. at 473, 101 S.Ct. at 1878. Such a situation is not presently before us.
Second, we note that the record does not reveal surprise to have been a factor in the case at bar. Appellant’s counsel requested appointment of a psychiatrist to determine appellant’s competency to stand trial and sanity at the time of the commission of the offense. He also received a copy of this report upon its completion. While it is true that appellant did not use an insanity defense during the guilt/innocence phase of the trial, he did during the punishment phase raise the issue of his propensity for rehabilitation. As we stated in our prior opinion and pursuant to the authority of Armstrong v. State, 502 S.W.2d 731, 735 (Tex.Crim.App.1973), this act makes him unable to complain of the use of rebuttal information by the State.
Finally, we point out that the Court in Parker v. State, 649 S.W.2d at 54, held that a Fifth Amendment claim could be waived where the Fifth Amendment right was asserted for the first time in appellant’s application for writ to the Supreme Court and the State responded immediately to the argument. An analogous situation is present in the case before us. This situation is distinguishable from that in Smith v. Estelle, 602 F.2d at 708, n. 19, wherein the State did not raise the argument in the federal district court habeas corpus action until its motion for new trial. Parker v. State, 649 S.W.2d at 54.
We have considered appellant’s motion for rehearing and remain convinced our original disposition was correct.
Appellant’s motion for rehearing is overruled.