COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
| --- | --- | --- |
| IN RE: | § | No. 08-18-00102-CR |
| THE STATE OF TEXAS, | § | AN ORIGINAL PROCEEDING |
| RELATOR. | § | IN MANDAMUS |
|  | § |  |

## **O P I N I O N**

The State of Texas has filed a mandamus petition against the Honorable William E. Moody, Judge of the 34th District Court of El Paso County, Texas. The State requests that the Court order Respondent to vacate his order placing restrictions on the State's choice of expert witness and the manner of the expert's examination of the real party in interest, Jose Angel Varela. The petition for writ of mandamus is denied.

### **FACTUAL SUMMARY**

Jose Angel Varela is charged with one count of capital murder and one count of murder. The State is not seeking the death penalty.

Varela filed a motion to suppress his statements on the ground that they were involuntary and "taken in the absence of an intelligent and understanding waiver of the right to counsel." It is undisputed that Varela submitted to a psychiatric examination by the defense's mental health expert, Dr. James W. Schutte, and Varela intends to offer the testimony of Dr. Schutte at the suppression hearing regarding Varela's competency to waive his *Miranda* rights. Based on the

Court of Criminal Appeals' decisions in *Soria v. State*, 933 S.W.2d 46 (Tex.Crim.App. 1996) and *Lagrone v. State*, 942 S.W.2d 602 (Tex.Crim.App. 1997), the State filed a motion that its mental health expert, Dr. Timothy J. Proctor, be allowed to examine Varela.

At the hearing on the State's motion, the State agreed that Dr. Proctor's examination would be restricted to a determination of Varela's competency to waive his *Miranda* rights. The trial court granted the State's motion to examine Varela. Defense counsel then requested that the examination be recorded and that a third-party observer be present during the examination based on concerns about the reliability of Dr. Proctor's examination. The defense pointed out that the examination would have to be conducted through an interpreter because Varela does not speak English and Dr. Proctor does not speak Spanish. The trial court granted Varela's request for the examination to be recorded but he denied the request for a third-party observer.

The State filed a motion to reconsider the trial court's ruling arguing that recording the examination would not only compromise the integrity and reliability of the examination but would also interfere with the State's ability to seek out and obtain useful psychiatric evidence to counter Varela's evidence. At the conclusion of the hearing, the trial court took the matter under advisement, but suggested that the State may need to find an expert witness willing to conduct the examination under the conditions imposed by the trial court. Both the State and Varela submitted additional briefing on the issue.

After reviewing the briefs submitted by the parties the trial court conducted a final hearing to determine the issue. The State argued that (1) there is no legal authority for recording the examination; (2) the State's chosen expert had professional and ethical objections to the examination being recorded; (3) Texas courts had prohibited the presence of third-party observers in psychiatric examinations; (4) the current medical/psychological literature suggested that the

presence of third-party observers or recordings impaired the validity of psychological testing; (5) recording invaded the province of the expert in determining how best to examine and evaluate the defendant; (6) the recording requirement would deny the State its right to the expert of its own choosing; and (7) Varela's concerns about the accuracy of the translation and community between Dr. Proctor and Varela could be addressed through *voir dire* and cross-examination of Dr. Proctor and the interpreter.

Varela responded that the State had not cited any legal authority prohibiting the recording of the psychiatric examination and he noted that another jurisdiction expressly permitted recording. He also argued that the State's right under the *Soria/Lagrone* rule gave the right to an expert of its own choosing, but the State's choice is subject to the limitation that the State's expert speak the same language as the defendant. Varela went on to assert that if the chosen expert does not speak the defendant's language, then recording is necessary.

The trial court entered the following order:

> The Court is of the opinion that the Defendant's request to video-record the State expert's examination of the Defendant, if conducted by an expert requiring the use of an interpreter, should be and is hereby GRANTED. Subject thereto, the State has three options on how it may proceed:
>
> l) The State may retain an expert, who would require use of an interpreter to examine the Defendant, in which case the Defendant's request for video recording is GRANTED,
>
> 2) The State may retain an expert fluent in the Spanish language who would not require use of an interpreter to examine the Defendant, in which case the Defendant's request for video recording is DENIED, or
>
> 3) The State may abandon having any expert for the State examine the Defendant, in which case the Defendant's request for video recording is moot.

The State filed a mandamus petition challenging the order.

## INTERFERENCE WITH STATE'S RIGHT TO CHOOSE ITS EXPERT WITNESS

In its sole issue, the State contends that the trial court has effectively dictated who the State may, and may not, choose as its expert witness, and thus, the court has improperly encroached upon the exclusive prosecutorial function of the District Attorney in violation of Article V, § 21 of the Texas Constitution. The State makes clear that it is not seeking a determination whether a psychiatric examination must be conducted in the same language spoken by the examinee, "or whether it is medically and/or forensically appropriate or desirable to record any such psychiatric examination."

*Standard of Review*

To be entitled to mandamus relief, the relator must make two showings: (1) that he has no adequate remedy at law; and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex.Crim.App. 2013); *see In re State of Texas*, 162 S.W.3d 672, 675 (Tex.App.—El Paso 2005, orig. proceeding). The ministerial act requirement is satisfied if the relator can show a clear right to the relief sought. *Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.*, *quoting Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex.Crim.App. 2011). A party is entitled to mandamus relief to correct judicial action that is clearly contrary to well-settled law. *See State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex.Crim.App. 1994).

*The Soria-Lagrone Rule*

When a defendant initiates a psychiatric examination and introduces psychiatric testimony based on that examination, the defendant constructively testifies through the defense expert. *See Lagrone*, 942 S.W.2d at 610-11. In so doing, the defendant waives his Fifth Amendment rights to

a limited extent. *Lagrone*, 942 S.W.2d at 610; *Soria*, 933 S.W.2d at 53-54. The Court of Criminal Appeals held in *Soria* that when the defendant in a death penalty case presents psychiatric testimony on future dangerousness, the trial court may compel an examination of the defendant by an expert of the State's choosing, and the State may present rebuttal testimony of that expert based upon the expert's examination of the defendant. *Soria*, 933 S.W.2d at 58-59. The rebuttal testimony is necessarily limited to the issues raised by the defense expert. *Id.*

In *Lagrone*, the Court of Criminal Appeals expanded the scope of the *Soria* rule to allow trial courts to order a criminal defendant to submit to a state-sponsored psychiatric exam on future dangerousness when the defense introduces, *or plans to introduce*, its own expert psychiatric testimony. *See Lagrone*, 942 S.W.2d at 611. Both *Soria* and *Lagrone* were death penalty cases and the psychiatric testimony related to the issue of future dangerousness. The Court of Criminal Appeals has not extended the *Soria-Lagrone* rule to non-death penalty cases.

In *Simon v. Levario*, a non-death penalty capital case, the defendant indicated during pretrial proceedings that he intended to present the testimony of a mental health expert related to his mental state and the voluntariness of his confession. *Simon v. Levario*, 306 S.W.3d 318, 319-20 (Tex.Crim.App. 2009). The State responded by filing a motion to have the defendant evaluated by its own psychiatric expert so that it could be prepared to rebut any expert testimony the defendant might offer in a pretrial suppression hearing or at trial. *Id.* at 320. The trial court granted the State's motion, but the order prohibited the State's expert from interrogating the defendant about the facts of the offense or from revealing the results of his examination to the prosecutors unless and until the defendant's expert testified. *Id.* The defendant filed a petition for writ of prohibition seeking relief from the trial court's order requiring him to submit to examination by the State's expert. *Id.* Like Varela, the defendant argued that the trial court's order impinged upon

his Fifth Amendment right to be free from compelled self-incrimination. *Id.* He further argued that *Lagrone* did not expressly permit an examination under the facts of the case. *Id.*

In denying extraordinary relief, the Court of Criminal Appeals held that whether the trial court erred by granting the State's motion for its own psychiatric examination in the factual context of this non-death capital prosecution is, at best, an unsettled legal question. *Id.* at 322. The Court went on to state the following:

> If what we said in *Lagrone* is not limited in principle to the type of psychiatric evidence presented at the punishment phase of a death-penalty case, it may not be limited in principle to the punishment phase of a capital murder death-penalty trial, or even to death-penalty cases at all. Accordingly, we cannot say under the circumstances of this case—and particularly in view of the tight restrictions the trial court imposed on the State in its order—that the relator has established a clear right to be insulated from examination by a State's psychiatric expert. In granting the State's motion in this case, the trial court exercised a manifestly judicial (and not a ministerial) function. Such an 'accomplished *judicial* act' is not subject to the extraordinary remedy of prohibition. [Emphasis in orig. and Internal footnotes omitted].

*Id.* at 322.

In the case before us, the trial court granted the State's motion for a psychiatric examination of Varela by its own expert. Varela has not challenged the trial court's order, but if he had done so we would be compelled to deny extraordinary relief because it is a manifestly judicial function. *Simon v. Levario*, 306 S.W.3d at 322.

While we do not agree with Varela's arguments that the examination must be recorded to protect his Fifth Amendment right against compelled self-incrimination[1] and his Sixth Amendment right to counsel,[2] we are unaware of any Texas statute or case authority which prohibits the video-

---

[1] Varela waived his Fifth Amendment rights to a limited extent by submitting to a psychiatric examination by his own expert and stating his intent to introduce that evidence at the suppression hearing or trial. *See Lagrone*, 942 S.W.2d at 611; *Soria*, 933 S.W.2d at 53-54.

[2] Varela's claim that recording the examination is necessary to protect his Sixth Amendment right to counsel is also without merit. It is important to keep in mind that a psychiatric examination is not an adversary proceeding. *Stultz v.*

recording of the psychiatric examination of Varela. *Bennett* holds that the presence of a third party in a legal and non-medical capacity would severely limit the efficacy of the psychiatric examination, *Bennett v. State*, 766 S.W.2d 227, 231 (Tex.Crim.App. 1989), but this holding has not been extended to prohibit the recording of the examination. A different question would be presented if the trial court's order permitted a third party to remain in the examination room to operate the recording equipment, but there is nothing in the order or the record to indicate that is the case.

We conclude that whether the psychiatric examination can be recorded is an unsettled legal question. Finding that the State has not shown that the trial court's order is clearly contrary to well-settled principles, we overrule the sole issue presented and deny the petition for writ of mandamus.

July 10, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Publish)

---

*State*, 500 S.W.2d 853, 855 (Tex.Crim.App. 1973). Its sole purpose is to enable an expert to form an opinion as to some aspect of the defendant's mental state. *See id*. "Because of the intimate, personal and highly subjective nature of a psychiatric examination, the presence of a third party in a legal and non-medical capacity would severely limit the efficacy of the examination." *Bennett*, 766 S.W.2d at 231, *quoting Stultz*, 500 S.W.2d at 855. Thus, the Court of Criminal Appeals has held that a defendant does not possess the right to have counsel present during a psychiatric examination under either the Fifth or Sixth Amendment. *Bennett*, 766 S.W.2d at 231; *see Lagrone*, 942 S.W.2d at 611 (rejecting defendant's challenge to constitutional validity of excluding defense counsel from psychiatric exam).