Curtis PRIDE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51777.

Court of Criminal Appeals of Texas.

June 30, 1976.

---

John R. Saringer, Abilene (Court-appointed), for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of aggravated robbery. Punishment was assessed by the jury at thirty years. The defense was insanity.

On January 31, 1975, appellant left Odessa by bus for Houston. On a stop-over in Abilene he went to the First Presbyterian Church and gained entry by stating that he wanted to use the telephone. He assaulted the church secretary and robbed her of her money as well as the money belonging to the church. She was bound with a coffee pot cord and a sock taken from his foot was placed in her mouth to gag her. After he left, the victim untied herself and crawled to the door and alerted a woman who was passing. The victim gave a detailed description of her assailant. A bus ticket to Houston was found on the floor in the church office. Police later located appellant at the bus station where he had purchased a ticket to Houston. The victim suffered extensive injuries.

Appellant requested a psychiatrist be appointed. The court appointed Dr. James H. Kreimeyer of the Big Spring State Hospital. Dr. Kreimeyer testified on appellant's competency to stand trial. The jury found him competent. During the trial Dr. Kreimeyer testified to the effect that appellant was insane at the time of the commission of the offense.

The State called Dr. Marvin E. Grice who testified that he examined the appellant in 1972 in regard to a claimed injury and found him to be neurotic. Dr. Grice related that he visited appellant during a lunch hour during the trial. He testified that appellant appeared to be competent and that he was not insane at the time of the commission of the offense.

Appellant contends that the visit to the jail without a previous order by the court violated Article 46.03, Section 3(a), V.A.C.C.P., which provides as follows:

"If notice of intention to raise the insanity defense is filed under Section 2 of this article, the court may, on its own motion or motion by the defendant, his counsel, or the prosecuting attorney, appoint disinterested experts experienced and qualified in mental health or mental retardation to examine the defendant with regard to the insanity defense and to testify thereto at any trial or hearing on this issue, but the court may not order the defendant to a state mental hospital for examination without the consent of the head of the state mental hospital."

There was no attempt to show what questions were asked of the appellant while he was being interviewed by Dr. Grice. The doctor had examined him some three years before and knew his background and observed him and testified that in his opinion the appellant was not insane. The doctor also related that appellant refused to answer his questions but that while he was there appellant ate a sandwich and took a drink and acted normally during the noon hour. It is not clear but apparently from the record appellant was keeping his head on the table in the courtroom when he was being tried.

Even though there was no formal order for an examination by Dr. Grice, the court could have entered an order for an examination under Article 46.02, V.A.C.C.P. The court's overruling of the objection was tantamount to the approval of the actions of the doctor. What the doctor did was more of an observation instead of an examination. The case could have been recessed so that an examination could have been formally ordered and the same result could have been obtained. No reversible error was committed.

The judgment is affirmed.