**James Ray PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58329.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 23, 1980.

Rehearing Denied March 12, 1980.

---

Michael E. Grimes, Round Rock, for appellant.

Edward J. Walsh, Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation with intent to commit rape. Punishment was enhanced under V.T.C.A., Penal Code, § 12.42(c), and assessed by the jury at ninety-nine (99) years.

In his first four grounds of error, appellant alleges reversible error was committed by the trial court in refusing to suppress the testimony before the jury of Dr. John Holbrook, a psychiatrist who testified for the State. By two other grounds of error, appellant complains of the trial court's failure to include his special requested instructions in the court's charge to the jury, and alleges reversible error in the court's charge as presented to the jury.

The record in this cause shows that during the early morning hours of September 5, 1976, a person admitted to be appellant unlawfully entered the prosecutrix' apartment and attempted to rape her. Appellant was arrested within minutes, thereafter. No error is alleged regarding the sufficiency of the evidence.

On January 12, 1977, appellant's court-appointed counsel filed a "Motion for Complete Medical Examination," which included a request for psychiatric evaluation, directed toward helping to determine both competency to stand trial and sanity at the time of the alleged offense. This was followed by a motion for a hearing on competency to stand trial, filed January 26, 1977. Also on January 26, the State filed a "Motion Requesting Appointment of Psychiatrist." In response to these motions, and by agreement between the State and appellant, the trial court on February 7, 1977 appointed Dr. Richard Coons to make a psychiatric evaluation of appellant, both as to competency and sanity.

Dr. Coons examined appellant on February 7, 1977, the same day he was appointed. On February 10, 1977, appellant's counsel filed a "Notice of Intention to Raise Insanity Defense." On March 11, 1977, Dr. Coons filed with the trial court his report of examination, dated February 28, 1977. He stated therein his opinion that appellant had been legally insane at the time of the alleged offense.

On March 7, 1977, at the request of the State and without court order, appellant was examined by Dr. John Holbrook, a Dallas psychiatrist, and was found by Dr. Holbrook not to have been insane at the time of the alleged crime. It is this examination upon which appellant bases his major grounds of error.

Appellant first contends that reversible error was committed by the trial court in allowing Dr. Holbrook to testify regarding his examination of appellant and conclusions reached regarding the appellant's sanity at the time of the alleged offense. Appellant states that Article 46.03, V.A.C.C.P., provides the exclusive means by which a psychiatrist can gain access to a criminal defendant in custody, and that any potential testimony derived through non-compliance with that statute must be excluded.

Beginning in 1965, the Legislature provided a comprehensive statutory scheme for disposition of questions of both mental competency of a criminal defendant to stand trial and sanity at the time of the alleged offense. Initially, both issues were dealt with in one statute, Article 46.02, V.A.C.C.P. However, in 1975, the Legislature saw fit to split former Article 46.02, V.A.C.C.P., into Articles 46.02 and 46.03, V.A.C.C.P., addressing, respectively, a defendant's competency to stand trial and insanity at the time of commission of the offense.[1] Due to this common derivation, cases interpreting the pre-1975 Article 46.02 are instructive in resolving the issue now before us.

In *Patterson v. State*, 509 S.W.2d 857 (Tex.Cr.App.1974), complaint was made of the testimony of a psychiatrist who was called by the State to rebut the defense expert's testimony that the particular crime in question would be out of character for appellant's type of personality. The State's expert had conducted a pre-trial examination of appellant at the State's request and

---

1. See *Von Byrd v. State*, 569 S.W.2d 883, at fn. 18 (Tex.Cr.App.1978).

without court appointment, as in the instant case. He was permitted to testify, in rebuttal to the above-stated defense testimony, that the appellant had a sociopathic personality, was extremely hostile toward women, and was prone to commit exactly the type of crime for which he was charged. We held such testimony to be proper rebuttal evidence, although the psychiatrist in question had not been appointed by the trial court. We stated that the predecessor of Article 46.03 then in effect "should not be interpreted as an exclusive procedure." 509 S.W.2d at 862.

In *Gholson v. State*, 542 S.W.2d 395 (Tex. Cr.App.1976), there was a challenge to the admissibility of the testimony of Dr. James Grigson regarding his psychiatric evaluation of appellant Gholson. Although Dr. Grigson had been appointed by the court solely to determine appellant Gholson's competency to stand trial, he was permitted to testify at the punishment stage of the trial regarding the "dangerousness" of appellant Gholson under Article 37.071(b)(2), V.A.C.C.P. We held that, although the testimony encompassed matters beyond the scope of the original appointment, it was not rendered inadmissible for non-compliance with the then-applicable statute.

We do not read *Stultz v. State*, 500 S.W.2d 853 (Tex.Cr.App.1973), and *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.1977), cert. denied, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977), as mandating the position sought by appellant. In *Stultz*, appellant challenged the psychiatric testimony of expert witnesses because the examinations had taken place without the presence of appellant's counsel. *Granviel* raised a slightly different issue, appellant therein contending that the same Dr. Holbrook whose testimony is in issue in the instant cause should not have been required to testify. Appellant's theory was that since the doctor had been appointed by the court at appellant's request, he was an agent of appellant's trial counsel, and requiring him to testify constituted a violation of the attorney-client privilege.

In both cases, we rejected appellant's arguments, holding that a psychiatric examination is not an adversary proceeding, and thus there is no constitutional right to presence of counsel, or the attachment of any attorney-client privilege as a concomitant of the examination. However, since both cases involved *court-appointed* psychiatrists, neither is helpful in resolving the issue presently before us: whether court appointment is the only lawful means by which a psychiatrist may gain access to and examine a criminal defendant. Similarly, we do not believe *Pride v. State*, 538 S.W.2d 115 (Tex.Cr.App.1976), is in point. In that case, we held that no real psychiatric examination had taken place, and thus no act had been done in derogation of the applicable statute.

Nor does *Smith v. Estelle*, 445 F.Supp. 647 (N.D.Tex.1977), affirmed, 602 F.2d 694 (5th Cir. 1979), require suppression of the testimony in question. That case dealt with psychiatric testimony from an expert who *had* been appointed by the trial court, but not under Article 46.03, V.A.C.C.P. Rather, the examination was ordered on the trial court's own motion, for the purpose of obtaining psychiatric testimony on the "future dangerousness" issue of Article 37.071(b)(2), V.A.C.C.P. None of the holdings in that case are relevant to resolving the issue now before us.

We find unconvincing the appellant's discussion of the legislative intent behind Article 46.03, V.A.C.C.P. He makes an initial assumption, unsupported by any citation of authority, that the Legislature meant Article 46.03, V.A.C.C.P., to be the sole source of psychiatric evaluation of criminal defendants. He views the statute as mandatory, yet its language is permissive in nature. Regarding the appointment of experts, § 3(a) states that, "[T]he court *may* . . . appoint disinterested experts . . . . to examine the defendant . . .." (Emphasis added). Concerning access to the defendant, § 3(b) states that, "The court *may* order any defendant to submit to examination for the purposes described in this article. If the defendant is free on bail, the court in its discretion *may* order him to

submit to examination" (Emphasis added). We interpret the Legislature's use of the word "may" as being permissive or advisory in nature, rather than mandatory.

The language of § 3(f) of the statute reinforces this view. It gives authority for a defendant to be examined by an expert of his own choosing, and directs the trial court to give the expert a reasonable opportunity to examine the defendant upon timely request. Nowhere is there any requirement that the expert first be court appointed.

█ We reject appellant's argument that court appointment is the only means to insure professionally competent and legally unbiased psychiatric testimony. The attorney for either side in a criminal case may seek to exclude the proposed testimony of an alleged expert witness by showing that as a matter of. law, that person does not possess the expert qualifications that legally entitle him to give opinion evidence. See McCormick and Ray, Texas Law of Evidence, §§ 1400–1401 (2nd Ed. 1956). Likewise, any witness' testimony may be attacked and excluded if shown to be biased or prejudiced as a matter of law. See McCormick and Ray, supra, at §§ 670, 679. This may be done by means of a hearing outside the presence of the jury.

Appellant here did not seek to pursue any of these possible grounds of disqualification against Dr. Holbrook prior to his testimony before the jury. He did seek to strike the testimony as being based on a standard of insanity not comporting with the statutory definition. However, the State promptly resolved the issue by reciting the statutory standard and eliciting the doctor's opinion that under that standard, appellant had been sane on the occasion in question. For the reasons stated above, we hold that psychiatric evidence is not rendered inadmissible by the fact that the expert in question was not appointed by the court under Article 46.03, V.A.C.C.P, prior to his examination. Appellant's first ground of error is overruled.

█ By his second ground of error, appellant alleges reversible error in that his con-stitutional right to equal protection of the laws was violated. He contends that since he was indigent and unable to make bail prior to trial, the State's psychiatric expert was able to gain physical access to him, which would not have been possible had he been able to make bail. This, he states, impermissibly penalized him for his indigency.

Appellant cites no authority for this contention, and at best his arguments invite us to speculate on what might have happened had he been free on bail. We do not agree that had appellant been free on bail, Dr. Holbrook's only access to him would have been under court order. As in *Pride*, supra, the doctor might have based his testimony on observations alone, or perhaps appellant would have submitted voluntarily to an examination. We decline to speculate on such matters, and overrule the second ground of error.

█ Appellant's third ground of error complains of an alleged refusal by the State to make available to the defense before trial a copy of the written report of Dr. John Holbrook. He cites *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), stating that by requiring appellant to disclose his intent to raise an insanity defense, Article 46.03, V.A.C.C.P., must require reciprocal discovery from the State of Dr. Holbrook's report, or be struck down for violating appellant's state and federal due process rights.

We do not interpret *Wardius* as requiring such a result. The petitioner therein was precluded from putting on his proposed alibi defense, based on his failure to notify the State prior to trial of his intent to do so, as required by Oregon law. The Supreme Court held that by requiring a defendant to make such a disclosure, a state statute, to pass constitutional muster, must place a reciprocal burden of discovery on the State before statutory sanctions may be imposed upon a defendant. 412 U.S. 470 at 473, 93 S.Ct. 2208 at 2211.

In the instant case, no statutory sanctions were enforced against the appellant. Rather, testimony damaging to his insanity de-

fense was admitted. The record reveals that he presented an extensive insanity defense, unrestricted by the trial court or the State. He has not shown in any way that he was impeded in preparing or presenting his defense by the failure of Article 46.03, V.A.C.C.P, to require reciprocal discovery from the State. Appellant's third ground of error is overruled.

■ Appellant's fourth ground of error complains of alleged unconstitutional denial of his right of confrontation and cross-examination of Dr. Holbrook. Appellant characterizes the alleged violation as a "refusal" by the State to provide him with a copy of Dr. Holbrook's written report prior to trial.

However, the record nowhere shows a refusal by the State to provide a copy of the report. Dr. Holbrook's examination took place on March 7, 1977. Appellant's "Motion to Produce Report of Dr. John Holbrook" was filed on April 7, 1977, and heard on April 13, 1977.[2] At that hearing, State's counsel reported that he had spoken with Dr. Holbrook the day before and that the report in question was not yet completed. The court ordered that a copy of the report be given appellant's counsel as soon as the State received it.

On the first day of the trial, April 18, 1977, appellant re-urged his motion to suppress Dr. Holbrook's testimony. He admitted having received that morning a copy of Dr. Holbrook's written report, which was apparently the same time it was received by the State. Aside from standing on the grounds stated in his suppression motion, appellant's counsel took no other action regarding the statement. He announced ready for trial, and the trial of the case commenced.

Appellant's contention on appeal that he had no opportunity to make trial preparation for the State's psychiatric evidence is not borne out by the record. His counsel knew of Dr. Holbrook's examination as early as March 22, 1977, the date of his sup-

pression motion. Upon receiving his copy of Dr. Holbrook's report, he made no motion for continuance, but announced ready and went to trial. Dr. Holbrook did not testify until the afternoon of Wednesday, April 20, 1977, some two-and-a-half days after counsel received the report. In the meantime, Dr. Coons, the court-appointed expert, was available to appellant for evaluation of Dr. Holbrook's report. In fact, Dr. Coons was called in surrebuttal directly after the testimony of Dr. Holbrook, and made a lengthy critique of Dr. Holbrook's evaluation. We find no reversible error in a situation such as this, where appellant in no way showed at trial that he was not prepared to meet the expected adverse testimony. Appellant's fourth ground of error is overruled.

■■ Appellant's fifth ground of error complains of the denial of his requested jury instructions, to the effect that the jury's finding the existence of a culpable mental state in the mind of appellant would not preclude them from considering his insanity defense. We have examined the court's charge, and believe it adequately explains and presents the applicable law on insanity. When the court's charge taken as a whole sufficiently presents the applicable law and protects the defendant's rights, the judgment resulting therefrom will not be reversed on appeal. Article 36.19, V.A.C.C.P.; *Pittman v. State*, 554 S.W.2d 190 (Tex.Cr.App.1977). Appellant's fifth ground of error is overruled.

■ Lastly, appellant contends that the court's charge contained reversible error in unconstitutionally requiring him to prove his insanity defense by a preponderance of the evidence.

In *Nilsson v. State*, 477 S.W.2d 592 (Tex. Cr.App.1972), a similar attack was made on the then-applicable statute. Therein, we cited *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), as holding that the federal procedural rule requiring the Government to affirmatively prove san-

---

2. Although the record is not clear on this point, it appears that appellant did not seek a subpoe-

na for Dr. Holbrook's attendance at this hearing.

ity at the time of the offense was not of constitutional dimension and thus not mandatory on the states. *Nilsson* itself held that the burden of proof of insanity by a preponderance of the evidence was properly placed on appellant. See also *Bonner v. State*, ·520 S.W.2d 901 (Tex.Cr.App.1975), and *Boykin v. State*, 513 S.W.2d 820 (Tex. Cr.App.1974). Appellant's sixth ground of error is overruled.

The judgment is affirmed.