**Eugenio Martinez GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0011–CR.**

Court of Appeals of Texas,
Amarillo.

March 31, 1982.

Holder & Medina, Floyd D. Holder, Jr., Lubbock, for appellant.

John T. Montford, Criminal Dist. Atty., Jim B. Darnell, Asst. Criminal Dist. Atty., Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

DODSON, Justice.

The appellant, Eugenio Martinez Garcia, was charged by indictment with attempted aggravated rape. *See*: Tex.Penal Code Ann. § 15.01 (Vernon Supp.1981) and § 21.03 (Vernon 1974).* The jury convicted the appellant of the offense charged in the indictment. The trial court assessed punishment, enhanced pursuant to Tex.Penal Code Ann. § 12.42(d) (Vernon 1974), at life imprisonment. Appealing with five grounds of error, the appellant maintains that the trial court erred (1) by failing to instruct the jury regarding renunciation as a defense; (2) by failing to instruct the jury on the requisite force needed to accomplish an attempted aggravated rape; (3) by failing to instruct the jury on the lesser included offense of attempted rape; (4) by failing to instruct the jury on the lesser included offense of assault; and (5) by denying his motion for new trial grounded on newly discovered evidence. The appellant also untimely filed a pro se brief. Concluding that the appellant's grounds of error and pro se brief do not present cause for disturbing the judgment, we affirm.

At trial, the State's witnesses testified that, on the night of 26 August 1979, the prosecutrix was at Rico's Lounge in Lubbock with her daughter, Sylvia Rivera, and her son-in-law, Rudy Rivera. The appellant, who knew Rudy but not the prosecutrix, asked the prosecutrix to dance. She at first declined, but later accepted. After the

---

* § 21.03 has been amended subsequent to the date of this offense. *See* § 21.03, Tex.Penal Code Ann. (Vernon Supp.1981).

dance, the appellant asked for a ride home, and the Riveras and the prosecutrix agreed to give him one. The four proceeded to the prosecutrix's car. The Riveras, with Rudy driving, sat in the front seat. The prosecutrix sat near the window in the back seat and the appellant sat in the middle of that seat.

After they had made a stop at a bootlegger's, the appellant suggested that they go to his house and drink. They headed in that direction. When they were outside of Lubbock, on the Clovis Highway, the appellant put his pocketknife to Rudy Rivera's throat, cutting him slightly, and told Rivera to stop the car, that he (the appellant) was going to "have" the prosecutrix. Rivera stopped the car. The appellant first took the keys, then gave them back to Rivera, saying, "Leave, and be back later." Rivera apparently hesitated to leave, because the appellant added that he would kill the prosecutrix if Rivera did not leave. At this time, Rivera noticed a small amount of blood on his mother-in-law's throat. The Riveras did as they were told and drove away. They drove to the house of one of Rudy Rivera's cousins and called the police.

In the meantime, the appellant, who had taken the prosecutrix from the car while holding his pocketknife on her, pushed her into the weeds near the road and told her to undress. She refused, and he began undressing her himself. The appellant knocked her to the ground and attempted to have sex with her, but failed to do so. He then tried to make her commit oral sex on him; she, however, did not cooperate, and he began kissing and licking her body. This ended when the appellant noticed a car approaching. It was the prosecutrix's car. He told the prosecutrix to get up and put her clothes on. They walked towards the road, and the police arrived at the scene at the same time as the Riveras. The deputy sheriff, after a short struggle, arrested the appellant.

The appellant testified in his own behalf at trial. He stated that he did not go to Rico's Lounge on the night of the incident; rather, the Riveras and the prosecutrix picked him up that night at his house, and they all went to get beer. On the way home, when Rudy passed the turnoff to the appellant's house, the appellant was worried and said that he wanted out of the car. Rudy Rivera told the appellant that they wanted his money. It was at this point that the appellant claims he put his knife to Rivera's throat and said, "If you don't stop the car, I will cut your gizzard off." Rudy then stopped the car, the prosecutrix exited to let the appellant out, and Rivera drove off, knocking his mother-in-law down.

The appellant claims he tried to help the prosecutrix up, but she fought him, saying, "See what you caused." At that time, the knife was in the appellant's pocket. For the next few minutes he "just talked to her" until they saw the lights of an approaching car. The appellant denied stabbing the prosecutrix with his knife and he denied trying to rape her. He denied having a desire for sex that night and stated that it would take him "half the night" to get physically ready for it because of his age (50) and because the food in the New Mexico State Penitentiary, from which he had recently been released, had "salt" in it. Appellant stated that the Riveras, the prosecutrix, and the deputies who arrested him had all lied under oath concerning his actions on the evening in question.

In his first ground of error, the appellant maintains that the trial court erred by failing to instruct the jury regarding the renunciation defense, because such defense was raised by the evidence. In pertinent part, Tex.Penal Code Ann. § 15.04 (Vernon 1974) provides:

(a) It is an affirmative defense to prosecution under Section 15.01 of this code that under circumstances manifesting a voluntary and complete renunciation of his criminal objective the actor avoided commission of the offense attempted by abandoning his criminal conduct or, if abandonment was insufficient to avoid commission of the offense, by taking further affirmative action that prevented the commission.

\*     \*     \*     \*     \*     \*

(c) Renunciation is not voluntary if it is motivated in whole or in part:

(1) by circumstances not present or apparent at the inception of the actor's course of conduct that increase the probability of detection or apprehension or that make more difficult the accomplishment of the objective; or

(2) by a decision to postpone the criminal conduct until another time or to transfer the criminal act to another but similar objective or victim.

Section 15.04(a) makes it an affirmative defense to prosecution for criminal attempt if, under circumstances which manifested a voluntary and complete renunciation of the criminal objective, the actor avoided commission of the offense attempted by abandoning his criminal conduct or, if abandonment was insufficient to avoid commission of the offense, by taking further affirmative action that prevented the commission. Section 15.04(c) provides that renunciation is not voluntary if it is motivated in whole or in part, *inter alia*, by circumstances not present or apparent at the inception of the actor's course of conduct that increases the probability of detection or apprehension or makes difficult the accomplishment of the objective.

■ As set out previously, the effect of the appellant's testimony was to deny having committed the charged offense. He claims, without directing us to any particular part of her testimony, that the renunciation defense was raised by the testimony of the prosecutrix. He contends that, because he terminated his advances and caused the prosecutrix to dress and return with him from the bar ditch to the side of the road, he voluntarily renounced his objective. The prosecutrix testified that the appellant told her that a car was coming and ordered her to stand up and put on her clothes. That testimony does not support the contention that the renunciation was voluntary, but only that appellant acted to avoid detection and apprehension, or because the presence of the on-coming car made more difficult the accomplishment of his objective. Tex. Penal Code Ann. § 15.04(c). Under the circumstances, appellant's first ground of error is overruled.

■ In his next ground of error, the appellant contends that the trial court committed fundamental error in the charge by instructing the jury only on the force needed for an attempted rape rather than the requisite force needed to accomplish an attempted aggravated rape. From our review of the record, we observe that the trial court charged on the requisite force needed to accomplish an attempted aggravated rape and that such charge does not constitute error. It is settled and generally stated that when the court's charge taken as a whole sufficiently presents the applicable law and protects the defendant's rights, the judgment resulting therefrom will not be reversed on appeal. *Parker v. State*, 594 S.W.2d 419, 424 (Tex.Cr.App.1980).

The court instructed the jury to consider the charge as a whole. In the charge, the court defines "criminal attempt" in the statutory language of Section 15.01(a) of the Texas Penal Code, and "rape" in the language of Section 21.02(a) and (b)(1). The court further charged that "[a] person commits aggravated rape if he commits rape as defined above and he compels submission to the rape by threat of serious bodily injury to be imminently inflicted on anyone." The court also instructed the jury that "'[s]erious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ," as defined in Section 1.07(a)(34) of the Texas Penal Code. The charge further includes definitions of "intentionally," "knowingly" and "sexual intercourse."

■ In the present case, the court charges on criminal attempt, rape, aggravated rape, and serious bodily injury substantially track the statutory definitions of such terms. When the court's charge tracks the language of the applicable statutes, there is no error in that portion of the charge. *See Duffy v. State*, 567 S.W.2d 197, 204 (Tex.Cr.

App.1978) *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978). Furthermore, as stated in *Brown v. State,* 475 S.W.2d 938, 954–955 (Tex.Cr.App.1971) "we know of no requirement that when the court defines terms in its charge it must also in the same paragraph include requirements as to the jury's findings."

Following the above instructions, the court charged, as follows:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 26th day of August, 1979, in the County of Lubbock and State of Texas, as alleged in the indictment, the defendant, EUGENIO MARTINEZ GARCIA, did then and there with the specific intent to commit the offense of aggravated rape did then and there attempt to intentionally and knowingly by force, that overcame such earnest resistance as might reasonably have been expected under the circumstances, compel [the prosecutrix], a female not his wife, to submit to sexual intercourse without her consent, and the said EUGENIO MARTINEZ GARCIA did then and there intentionally and knowingly compel [the prosecutrix] to submit to sexual intercourse by threat of serious bodily injury to be imminently inflicted on [the prosecutrix], said attempt amounting to more than mere preparation that tends but fails to effect the commission of the offense intended, you will find the defendant guilty of the offense of attempted aggravated rape and so say by your verdict.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

The above portion of the charge tracks the indictment. In the trial court the appellant did not attack the indictment by a motion to quash. We further observe from the record that the appellant did not object to the above language in the charge nor the court's definitions before the charge was submitted to the jury. After reviewing the indictment and the court's charge as a whole, we find no fundamental error. Nothing further is presented for review. *See Linton v. State,* 452 S.W.2d 494, 496 (Tex.Cr.App.1970). Appellant's second ground of error is overruled.

By his third and fourth grounds of error, the appellant maintains that the trial court erred, respectively by failing to instruct the jury on the lesser included offenses of attempted rape and assault. We disagree.

In *Bravo v. State,* 627 S.W.2d 152, 157 (Tex.Cr.App.1982) (en banc), the court, quoting *Thomas v. State,* 578 S.W.2d 691, 698 (Tex.Cr.App.1979), stated that "[a] charge on a lesser included offense is not required unless the evidence raises that issue. And, if the evidence raises only the issue that the accused is guilty of the offense charged *or* no offense at all, the issue of a lesser included offense is not raised." (Emphasis added). The court in *Bravo* further noted the following:

In *Daywood v. State,* 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952), this court wrote:

"... At this juncture, it will be noted that, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising the issue that the appellant, if guilty at all, is guilty only of a lesser offense included in the greater offense charged." [Cites omitted].

In *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Cr.App.1981) (Opinion on Rehearing), it was stated:

"Thus, in determining whether a charge on a lesser included offense is required, *a two step analysis* is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr.App.). This Court has consistently employed the two step analysis in recent opinions dealing with the necessity of a charge on a lesser includ-

ed offense. [Cites omitted]. [Emphasis added]. .

■ Applying the test stated in *Bravo* to the present case, we conclude that the trial court did not commit error by failing to charge the jury on the lesser offenses of attempted rape and assault. The State's evidence shows all of the elements of attempted aggravated rape. By his testimony, the appellant denied the commission of any offense. Under these circumstances, where the State's evidence indicates that appellant is guilty as charged and the appellant's evidence indicates that he is not guilty of any offense, then the appellant is not entitled to a charge on either of the lesser offenses. *See: Bravo* at 157; *Eldred v. State*, 578 S.W.2d 721, 724 (Tex.Cr.App. 1979); and *McBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974). The appellant's third and fourth grounds of error are overruled.

In his last ground of error, appellant complains that the trial court erred in denying his motion for new trial which is grounded on newly discovered evidence. The State's evidence showed that a broad-brimmed hat was found near the scene of the offense and that the hat fit appellant. Appellant admitted to owning two hats of a similar style, but said his were of another color. Indeed, he said that instead of a hat, he was wearing a blue and white striped cap on the evening in question. We observe that identity is not an issue in the case. Appellant admitted being in the company of the prosecutrix, her daughter and son-in-law on the occasion in question.

In his motion for new trial alleging newly discovered evidence, appellant presented evidence that his cap had been found in the property room of the county jail, a fact which had been unknown to him at the time of his trial.

■ The factors involved in determining whether to grant a new trial on newly discovered evidence under Tex.Code Crim. Pro.Ann. art. 40.03(6) (Vernon 1979) are well settled. The record must reflect that (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial. *See Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Cr.App. 1979), and the cases cited therein. A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial court, whose decision should not be disturbed on appeal absent a showing of clear abuse of discretion. *Id.* at 850.

■ Appellant's proffered newly discovered evidence, while admissible, is merely cumulative, corroborative, collateral and impeaching, and the trial court did not abuse its discretion in overruling appellant's motion for new trial. The fifth ground of error is overruled.

■ The appellant has also filed a pro se brief. The brief was not timely filed under Section 9 of art. 40.09, Tex.Code Crim.Pro. Ann. (Vernon Supp.1981). We are not required to consider or review the contents of an untimely filed pro se brief. *Calais v. State*, 624 S.W.2d 811, 812 (Tex.App.— Houston [14th Dist.] 1981). Nevertheless, we have reviewed the brief and, having done so, have concluded that it presents no cause for disturbing the judgment.

The judgment is affirmed.