Greenwood v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00514-CR







Claire Denise Greenwood, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0924963, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING








 A jury convicted appellant of murdering her mother and assessed punishment at life
imprisonment. Tex. Penal Code Ann. § 19.02 (West 1994). (1) Appellant entered a plea of not
guilty by reason of insanity. We will affirm the judgment of conviction.



BACKGROUND


 Appellant is a schizophrenic with a history of mental problems. On September 1,
1992, appellant killed her mother by striking her repeatedly on the head with a shovel and
stabbing her numerous times with a knife. After twice being found incompetent to stand trial,
appellant was found competent to stand trial in the fall of 1994.

 After the state's case-in-chief, appellant presented an insanity defense. Appellant
called retired Travis County District Court Judge Tom Blackwell as an expert. Judge Blackwell
was very familiar with the legal definition of insanity as a result of his extensive trial experience. 
Judge Blackwell testified that he had known appellant since she was a girl and was of the opinion
she was legally insane at the time of the offense. The defense also called Dr. Cecil Reynolds, a
clinical neuropsychologist who had interviewed appellant and reviewed her clinical records. 
Reynolds testified that he believed appellant was legally insane at the time of the offense.

 The State called Dr. Richard Coons, a psychiatrist, to rebut the insanity defense. 
Coons, who examined appellant several times following her arrest, testified that in his opinion
appellant was not legally insane at the time of the offense. The jury failed to find appellant not
guilty by reason of insanity and instead found her guilty of murder.



DISCUSSION


 Under the Code of Criminal Procedure, a defendant's competency to stand trial and
a defendant's sanity at the time of the offense are separate and distinct issues. See Tex. Code
Crim. Proc. Ann. arts. 46.02, .03 (West 1979 & Supp. 1996). When the issue of a defendant's
competency or sanity is raised, the trial court may appoint a disinterested expert to examine the
defendant and testify on either issue or both. Art. 46.02, § 3(a) (West Supp. 1996), art. 46.03,
§ 3(a), (g) (West 1979 & Supp. 1996). In point of error five, appellant contends the district court
erred in allowing Coons to testify on the issue of her sanity because he was appointed only to
examine appellant regarding her competence to stand trial. Art. 46.02, § 3(g) (West 1979). 
Appellant also complains that Coons failed to provide the court or defense counsel with a separate
written report on the issue of appellant's sanity within thirty days of the examination. Art. 46.03,
§ 3(d) (West Supp. 1996). In points of error three and four, appellant contends these procedural
irregularities denied her due process of law and effective assistance of counsel. See U.S. Const.
amends. V, VI.

 No statement made by a defendant during a competency examination may be
admitted in evidence against her on the issue of guilt in any criminal proceeding. Art. 46.02,
§ 3(g). The Court of Criminal Appeals has stated that article 46.02, section 3(g) grants a type of
use or testimonial immunity that prohibits any use of a defendant's statements during a
competency examination on the issue of guilt. Perry v. State, 703 S.W.2d 668, 672 (Tex. Crim.
App. 1986); see also Ballard v. State, 519 S.W.2d 426, 429 (Tex. Crim. App. 1975) (op. on
reh'g) (statements by accused during competency examination not admissible for any purpose on
issue of guilt). There is no comparable provision in article 46.03 prohibiting the use at trial of
statements made by the defendant during a sanity examination. When there is a joint order for
an examination of the defendant regarding both competency and sanity, article 46.02, section 3(g)
does not apply, and the defendant's statements during the joint examination may be used against
her at trial. DeRusse v. State, 579 S.W.2d 224, 229 (Tex. Crim. App. 1979).

 The only written court order on file in this cause appointed Coons to examine
appellant on the issue of her competency to stand trial. There was no written order appointing
Coons to examine appellant on the issue of sanity, either separately or in conjunction with the
competency examination. Article 46.03 does not, however, expressly require that the order of
appointment be in writing, and we are referred to no opinion imposing such a requirement.

 The record reflects that Coons receives virtually all the appointments to conduct
competency and sanity examinations in Travis County. When the question regarding the nature
of Coons's appointment in this cause was raised, the court noted that the usual custom and practice
of the district courts in Travis County was to appoint Coons orally, by means of a telephone call
to the doctor's office from the court coordinator or other court aide. The court also stated that
these appointments commonly called for a joint examination on both competence and sanity. 
Coons testified that he was notified by an assistant district attorney that he was to evaluate
appellant regarding both her competence to stand trial and her sanity at the time of the offense. 
Based on Coons's testimony and its knowledge of the usual practice in the county, the district
court found that Coons had been appointed to conduct a joint examination regarding both
competence and sanity. Accordingly, the court overruled appellant's objection that Coons's
testimony would violate article 46.02, section 3(g).

 Preliminary questions concerning the qualification of a person to be a witness or
the admissibility of evidence are determined by the trial court, which has broad discretion in the
determination of such issues. McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993);
Tex. R. Crim. Evid. 104(a). Preliminary fact findings under Federal Rule of Evidence 104(a),
which is identical to our criminal evidence rule 104(a), are subject to a preponderance of evidence
standard. Huddleston v. United States, 485 U.S. 681, 687 n.5 (1988); Bourjaily v. United States,
483 U.S. 171, 175 (1987). While we believe the better practice under articles 46.02 and 46.03
would be to appoint experts in writing, the record before us adequately supports the district
court's finding that Coons was orally appointed to conduct a combined competency and sanity
examination of appellant. (2) Because the scope of Coons's appointment encompassed the issue of
appellant's sanity, article 46.02, section 3(g) did not bar his testimony in this cause. DeRusse,
579 S.W.2d at 229.

 Article 46.02, section 3(g) prohibits the use against the defendant of statements
made during a competency examination on the "issue of guilt." Another court of appeals has held
that the "issue of guilt" is limited to the elements of the charged offense and does not include the
issue of the defendant's sanity. Patterson v. State, 654 S.W.2d 825, 829 (Tex. App.--Dallas 1983,
pet. ref'd). In Patterson, the court held that article 46.02, section 3(g) was not violated by the
admission of psychiatric testimony derived from a competency examination to rebut the
defendant's psychiatric testimony in support of the insanity defense. But see Abdnor v. State, 756
S.W.2d 815, 818-20 (Tex. App.--Dallas 1988), rev'd on other grounds, 808 S.W.2d 476 (Tex.
Crim. App. 1991) (error to permit expert appointed to determine defendant's competence to testify
regarding defendant's sanity). This Court has held that a defendant who admits committing the
charged offense, asserts the insanity defense, and offers expert testimony in support of the defense
waives the article 46.02, section 3(g) exclusionary rule. Heflin v. State, 640 S.W.2d 58, 64-65
(Tex. App.--Austin 1982, pet. ref'd). Under Patterson and Heflin, Coons's testimony would not
have violated article 46.02, section 3(g) under the circumstances presented even if he had been
appointed to examine appellant only with regard to her competence to stand trial.

 An expert appointed to conduct a sanity examination must submit a written report
to the court within thirty days of the order of examination, and both defense counsel and
prosecutors must be furnished copies of the report. Tex. Code Crim. Proc. Ann. art. 46.03,
§ 3(d). On the day Coons was called to testify, which was a Thursday and the third day of
testimony, no sanity report had been filed. In an attempt to rectify the situation, the court granted
a continuance on the State's motion until the following Monday morning. The court ordered
Coons to file a written report in the interim, tender it to the defense, and submit to a deposition. 
Coons's written sanity report was filed with the court and delivered to counsel the following day,
Friday.

 Citing Wynne v. State, 676 S.W.2d 650 (Tex. App.--Fort Worth 1984, pet. ref'd),
appellant contends that Coons's failure to file his report within the time specified by statute was
a violation of her due process rights and deprived her of effective assistance of counsel. See id.
at 656-57. In that case, two experts were appointed to examine the defendant on the issue of
sanity. One of the experts never filed a report, while the other expert's report was filed untimely
and made available to defense counsel only when the expert was called to testify. When counsel
objected, the trial court gave counsel one hour to prepare for the experts' testimony. The court
of appeals concluded that this failure to comply with the terms of the statute deprived the
defendant of due process of law. 

 We find Wynne distinguishable on its facts. Although Coons's report was not
timely prepared, defense counsel received the report three days before Coons testified and counsel
informed the court that they had no objection to the report's adequacy. Appellant complains that
defense counsel did not have sufficient time to prepare for Coons's testimony but, following the
continuance, defense counsel did not object that they were unprepared to proceed. Coons testified
that he had several conversations with defense counsel during the months preceding trial in which
he informed counsel of his opinion that appellant was sane at the time she killed her mother. We
also note that counsel vigorously and thoroughly cross-examined Coons regarding his opinion that
appellant was sane. Coons's failure to timely file his sanity report did not, on this record, deny
appellant due process or effective assistance of counsel, or otherwise constitute reversible error. 
See Parker v. State, 594 S.W.2d 419, 424 (Tex. Crim. App. 1980). Points of error three, four,
and five are overruled.

 In points of error six and seven, appellant contends the district court erred by
granting the State's motion for continuance prior to Coons's testimony. It is not clear that this
contention was preserved for review. When the matter of Coons's missing report was raised,
defense counsel informed the court that the only appropriate cure was to exclude Coons's
testimony and that the defense "will object to a continuance of any significance." The court
responded by noting that no motion for continuance had been made. When the State later moved
for a continuance, appellant voiced no further objection.

 The record clearly reflects that the district court did not understand appellant to
object to the continuance. When trial resumed, counsel complained that the delay denied appellant
a fair trial. The court responded, "All you had to do was tell me and we could have kept it going
Thursday afternoon . . . . In fact, I would have been happy to come back Friday morning if you
would have just told me that then."

 The granting of a motion for continuance after trial begins is within the sound
discretion of the trial court. Ewing v. State, 549 S.W.2d 392, 394 (Tex. Crim. App. 1977). 
Appellant argues that the continuance "placed undue impact on Dr. Coons's testimony, and
diminished the impact of the testimony of the defense expert . . . ." She cites no evidence to
support this assertion. Assuming the question is properly before us, we find no abuse of
discretion in granting the continuance. Points of error six and seven are overruled.

 Finally, appellant contends the district court erroneously overruled her motion for
mistrial after a State witness testified to appellant's invocation of her right to counsel. The
witness was Janie Sims, a counsellor at the Travis County jail who interviews new inmates. Sims
spoke to appellant on September 2, the day following the offense and her arrest. Sims was
questioned by the prosecutor as follows:



Q. Was she cooperative during this part?


A. Yes. After I explained that to her, she cooperated and gave me the
information that I needed for the beginning.


Q. At some point did that change?


A. Yes.


Q. And when did that change?


A. When I asked her what her charge was.


Q. And what did she say?


A. She said that she --


 [Defense counsel]: Judge, I object to any response in this -- from this
witness at this time on the basis that it is attempting to put before this jury
the defendant's invocation of her privilege under the Constitution of the
United States of America and the Constitution of the State of Texas against
self-incrimination, and I object to any statement or characterization of her
responses to this witness as a result of custodial interrogation after she had
been incarcerated in the Travis county jail regarding the facts of the offense.


 THE COURT: Overruled.


Q. What did she say?


A. She very politely just refused to answer on the advice of her attorney.



At this point, counsel repeated his objection that the testimony violated appellant's Fifth
Amendment privilege. The objection was sustained and the jury was subsequently instructed "to
disregard any question and any answer with respect to reasons why the accused in this case did
not answer any question that was asked by this witness." Appellant's motion for mistrial was
overruled. (3)

 Appellant's trial objection, that the witness improperly referred to appellant's
invocation of her right to silence, does not comport with her complaint on appeal. In any event,
we must presume that the instruction to disregard was efficacious unless the record before us
suggests otherwise. Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). This was
the only reference made during trial to appellant invoking either her right to counsel or her right
to remain silent, and appellant makes no effort to demonstrate that the instruction to disregard was
not sufficient to cure the error. We conclude that the district court did not abuse its discretion by
overruling the motion for mistrial. Points of error one and two are overruled.


CONCLUSION


 Having found no reversible error in the court below, we affirm the judgment of
conviction.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd 

Affirmed

Filed: July 17, 1996

Do Not Publish

1.   This offense took place before September 1, 1994 and is governed by the law in effect
at the time the offense occurred. Because the code amendments effective September 1, 1994
have no substantive effect on this offense, we cite the current code for convenience.
2.   Appellant also complains that the record does not reflect that the district court advised
Coons of the facts and circumstances of the offense with which she was charged or of the
elements of the insanity defense. Tex. Code Crim. Proc. Ann. art. 46.03, § 3(c) (West 1979). 
Appellant did not voice this complaint below and therefore did not preserve it for review. 
The record demonstrates that Coons was very familiar with the elements of the insanity
defense, and there is nothing to suggest that he was not aware of the relevant facts and
circumstances of the offense. 
3.   Outside the jury's presence, the prosecutor stated for the record that he was surprised
by the witness's answer, which differed from what she had told him during an interview
before trial.


A. Yes.


Q. And when did that change?


A. When I asked her what her charge was.


Q. And what did she say?


A. She said that she --


 [Defense counsel]: Judge, I object to any response in this -- from this
witness at this time on the basis that it is attempting to put before this jury
the defendant's invocation of her privilege under the Constitution of the
United States of America and the Constitution of the State of Texas against
self-incrimination, and I object to any statement or characterization of her
responses to this witness as a result of custodial interrogation after she had
been incarcerated in the Travis county jail regarding the facts of the offense.


 THE COURT: Overruled.


Q. What did she say?


A. She very politely just refused to answer on the advice of her attorney.



At this point, counsel repeated his objection that the testimony violated appellant's Fifth
Amendment privilege. The objection was sustained and the jury was subsequently instructed "to
disregard any question and any answer with respect to reasons why the accused in this case did
not answer any question that was asked by this witness." Appellant's motion for mistrial was
overruled. (3)

 Appellant's trial objection, that the witness improperly referred to appellant's
invocation of her right to silence, does not comport with her complaint on appeal. In any event,
we must presume that the instruction to disregard was efficacious unless the record before us
suggests otherwise. Waldo v. State, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). This was
the only reference made during trial to appellant invoking either her right to counsel or her right
to remain silent, and appellant makes no effort to demonstrate that the instruction to disregard was
not sufficient to cure the error. We conclude that the district court did not abuse its discretion by
overruling the motion for mistrial. Points of error one and two are overruled.


CONCLUSION


 Having found no reversible error in the court below, we affirm the judgment of
conviction.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd 

Affirmed

Filed: July 17, 1996