TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00214-CR






Paula Kelly, Appellant




v.




The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 48284, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING







 Paula Kelly appeals from her conviction for driving while intoxicated. See Tex.
Penal Code Ann. § 49.04 (West 1994 & Supp. 1999). After a jury found her guilty, the trial court
sentenced her to pay a $500.00 fine and serve 180 days in jail, probated for two years. In two
points of error, Kelly contends that there was no evidence that the offense occurred in the State
of Texas and that the jury charge was erroneous. We will affirm.

 In her first point of error, Kelly contends that the State failed to prove the offense 
occurred in the State of Texas and thus failed to prove a necessary element of the offense. Kelly
misunderstands what the State must prove.

 The State must prove that the county in which the prosecution is carried on has
venue. See Tex. Code Crim. Proc. Ann. art 13.17 (West 1977); Black v. State, 645 S.W.2d 789,
790 (Tex. Crim. App. 1983). Venue is not a "criminative fact"; therefore, it may be proved by
a preponderance of the evidence. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App.
1981). Proof of venue is adequate if the jury may reasonably conclude that the offense was
committed in the county alleged. See Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964). In addition to testimony from the arresting officer establishing Hays County as the location
of the offense, appellant admitted that her arrest took place in "San Marcos, Hays County" and
said that she was not contesting venue in Hays County. The State satisfied its burden of proving
venue. (1) We overrule point of error one.

 In her second point of error, appellant complains of the final substantive paragraph
of the jury charge:


Suitable forms for your verdict are hereto attached; your verdict must be in writing
and signed by your presiding juror. Your sole duty at this time is to determine the
guilt or innocence of the Defendant under the complaint and information in this
cause and restrict your deliberations solely to the issue of guilt or innocence of the
Defendant.



(Emphasis added.) Kelly's complaint seems to be that this part of the charge improperly imposes
a burden of proof on the defendant to show innocence.

 In reviewing alleged charge errors, the court must first determine whether error
actually exists in the charge and, if so, whether sufficient harm resulted from the error to require
reversal. Almanza v. State, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984). To constitute
ordinary reversible error in the charge, the error must have been calculated to injure the rights
of the defendant. Almanza, 656 S.W.2d at 171. The reviewing court views the charge as a whole,
not a series of isolated statements or parts of the charge standing alone. Holley v. State, 766
S.W.2d 254, 256 (Tex. Crim. App. 1989); Washington v. State, 930 S.W.2d 695, 698 (Tex.
App.--El Paso 1996, no pet.). When the charge as a whole sufficiently presents applicable law
and protects the defendant's rights, it does not create reversible error. Parker v. State, 594
S.W.2d 419, 424 (Tex. Crim. App. 1980); Garcia v. State, 630 S.W.2d 914, 917 (Tex.
App.--Amarillo 1982, no pet.).

 The charge as a whole carefully instructs the jury on the presumption of innocence. 
It specifically instructs the jury that the defendant does not have to prove her innocence and that
the presumption of innocence alone is sufficient to acquit, unless the jurors are satisfied beyond
a reasonable doubt of the defendant's guilt. It instructs the jury that the State has the burden of
proof; it instructs them on reasonable doubt and tells them if they have a reasonable doubt about
guilt they are to acquit the defendant and "say by your verdict 'Not Guilty.'" The final paragraph
of the instruction simply confines the jury to determining guilt, not punishment. By that point in
the charge, the jury had been extensively instructed on what is necessary to find a defendant guilty
and what they are to do if they do not find the defendant "guilty." The charge taken as a whole
was not calculated to injure Kelly's rights. We overrule point of error two.

 Having considered and overruled both points of error, we affirm the judgment of
conviction and the sentence.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: August 26, 1999

Do Not Publish

1. To the degree that appellant is trying to complain that the indictment alleged "Hays County,
Texas" and the State inadequately proved "Texas," we note that we may take judicial notice that
Hays County is in Texas. See Leyva v. State, 552 S.W.2d 158, 162-63 (Tex. Crim. App. 1977)
(proof of venue in El Paso County showed offense occurred in Texas); Willliams v. State, 924
S.W.2d 189, 191-92 (Tex. App.--Eastland 1996, pet. ref'd).


 jury charge was erroneous. We will affirm.

 In her first point of error, Kelly contends that the State failed to prove the offense 
occurred in the State of Texas and thus failed to prove a necessary element of the offense. Kelly
misunderstands what the State must prove.

 The State must prove that the county in which the prosecution is carried on has
venue. See Tex. Code Crim. Proc. Ann. art 13.17 (West 1977); Black v. State, 645 S.W.2d 789,
790 (Tex. Crim. App. 1983). Venue is not a "criminative fact"; therefore, it may be proved by
a preponderance of the evidence. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App.
1981). Proof of venue is adequate if the jury may reasonably conclude that the offense was
committed in the county alleged. See Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964). In addition to testimony from the arresting officer establishing Hays County as the location
of the offense, appellant admitted that her arrest took place in "San Marcos, Hays County" and
said that she was not contesting venue in Hays County. The State satisfied its burden of proving
venue. (1) We overrule point of error one.

 In her second point of error, appellant complains of the final substantive paragraph
of the jury charge:


Suitable forms for your verdict are hereto attached; your verdict must be in writing
and signed by your presiding juror. Your sole duty at this time is to determine the
guilt or innocence of the Defendant under the complaint and information in this
cause and restrict your deliberations solely to the issue of guilt or innocence of the
Defendant.



(Emphasis added.) Kelly's complaint seems to be that this part of the charge improperly imposes
a burden of proof on the defendant to show innocence.

 In reviewing alleged charge errors, the court must first determine whether error
actually exists in the charge and, if so, whether sufficient harm resulted from the error to require
reversal. Almanza v. State, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984). To constitute
ordinary reversible error in the charge, the error must have been calculated to injure the rights
of the defendant. Almanza, 656 S.W.2d at 171. The reviewing court views the charge as a whole,
not a series of isolated statements or parts of the charge standing alone. Holley v. State, 766
S.W.2d 254, 256 (Tex. Crim. App. 1989); Washington v. State, 930 S.W.2d 695, 698 (Tex.
App.--El Paso 1996, no pet.). When the charge as a whole sufficiently presents applicable law
and protects the defendant's rights, it does not create reversible error. Parker v. State, 594
S.W.2d 419, 424 (Tex. Crim. App. 1980); Garcia v. State, 630 S.W.2d 914, 917 (Tex.
App.--Amarillo 1982, no pet.).

 The charge as a whole carefully instructs the jury on the presumption of innocence. 
It specifically instructs the jury that the defendant does not have to prove her in